The next case today is Milk Industry Regulatory Office of the Commonwealth of Puerto Rico v. Luis Manuel Ruiz Ruiz, Appeal No. 20-9009. Attorney Hill, please introduce yourself on the record and proceed with your argument. If it pleases the Court, my name is Edward Hill. I represent the Puerto Rico Milk Industry Regulatory Office. I will refer to the office as ORIL under its Spanish language acronym. Your Honor, if I may reserve two minutes for rebuttal. Yes. Bankruptcy courts are not havens for wrongdoers, and as such cannot provide relief that is illegal under state laws. Puerto Rico law prohibits— Counsel, I'm going to let you go ahead and make your opening statement, but before I forget, I need to know from you why there's appellate jurisdiction at this point, given that all of the state proceedings, the conditions that affected the bankruptcy court's approval of the lease, have all been met. What is the ongoing injury? The ongoing injury, Your Honor, is that ORIL is exposed to a complaint by the appellee in this case, asking the court to impose damages upon ORIL because ORIL refused to register what it considers, under Puerto Rico law, an unlawful lease of 53,000 quarts of milk production quota. I'm sorry, have damages proceedings actually occurred? Is there any award of damages? You Well, potential liability is not a final order, so again, why is there appellate jurisdiction at this point? Well, because if you're not ruling on whether the court below was right or wrong on allowing an illegal lease, obviously, when I go back down... No, you have an argument available that regardless of that, there are no damages available against your client under these conditions. You can present those arguments. Nothing at present prevents you from presenting those arguments. And perhaps you can convince the bankruptcy judge that her view of it then may have been appropriate, but all things considered, this is not a case to present against you for damages. Again, why is there an issue before us? Why is there a final order that injures you? Well, again, Your Honor, the only thing that I can tell the court is that there is exposure to liability. There's a current complaint. We have preserved the issue throughout the appeals process. You know, one of the few instances in the law where exposure to liability allows an interlocutory appeal is qualified immunity. That's not what this case is about. This is just a routine appeal, perhaps premature, from a bankruptcy case. So you tell me why there is a final order in front of us. Well, we've established the... I'm sorry. You say you have some exposure to risk, but you don't know what the outcome of that exposure is going to be. No, no, we don't, Your Honor. The only thing that we do know is that the court has refused to reconsider, to vacate, and to amend. And it is said that it has, in fact, expanded the reading of an agreement that was before the court, between the parties, that allowed Odile to proceed with its agency action until final agency action. And the court said, no, I believe that that agreement includes appellate review and... Yes, we're aware of that. But someday, if the bankruptcy court rules against you, and hears all those arguments, and rejects them, and makes an award of damages, even nominal damages, you can come back and see us, right? You can take an appeal at that point. I could, Your Honor, but it would be in a very, very different position than I would be right now. That's right. There would be many more facts in the record. We would have clear rulings on all of these issues. Can I ask it this way? Suppose you hadn't taken this appeal, and you had filed a declaratory judgment action declaring that whatever you think the state of the law should be as to the agency. What would that declaratory judgment be? What do you want declared legally? The only thing that Odile would want is the recognition that the bankruptcy court permitted a debtor to lease unlawfully a large amount of milk production quota. If you got a declaration that that was unlawful, how would that help you in any future litigation? What would that declaration, what could you do with that declaration? That declaration would allow me to tell the court, court, what you provided to Luis Ruiz was illegal, and the agency lawfully rejected the inscription of the lease. The idea would be in a future suit brought against you, the advantage of the declaratory judgment being out there was that it would forestall that suit. Would you be entitled to standing on that declaratory judgment when there's no evidence in the record that you're going to be sued? I don't think so. It seems like it would be not right. You wouldn't have any threatened need for it or anything like that. How is this any different than that? We have, in fact, there's a complaint filed, an adversary proceeding, one of two adversary proceedings, because Odin refused to register the lease. Is this appeal, what you're trying to get to happen here, identical to just the declaratory judgment or something different from that? In your hypothetical, your honor, it would be very, very similar. I asked if it was identical. I'm not sure I could answer if it would be identical. I think that it would be a similar result. Well, in part, but if there's any aspect of it that would not be similar and would give you something more, then you haven't shown why this particular appeal isn't moot. I can't think of one. Additional aspect of it would be mooted. No, your honor. What happens, practically speaking, if you win here? What happens practically is that I have the validation of a court, of a higher court, that says that the bankruptcy court committed manifest error by not taking into consideration the position of the regulatory agency that regulates the purchase, the use, the selling, and the leasing of a highly regulated property. I must add that under U.S. Supreme Court precedent, all property rights are created and defined by state law. In Puerto Rico, the state law prohibits unlicensed farmers to lease quota. Because it's a heavily regulated property and because the administrator is the registrar of those transactions, he would be in his right, by applying Puerto Rico law, to tell the court, this lease that you have authorized is contrary and illegal to Puerto Rico law. There are courts within this circuit, and even the First Circuit has said in Cornelier, that to allow a violation of state law is not within the jurisdiction of the bankruptcy court. Counsel, there's a factual premise. I just want to make sure I understand you correctly. That the bankruptcy court did not allow the state regulator to state its position? That's not accurate. The court said that it did, because we filed papers, but the court said, I'm not going to listen to you. I'm not going to listen to you on the point of illegality, and concentrated on time. What are the reasons for the agency not to show up within the 14-day period? That's been the focus of the court below, the back, and even Apelli's brief. What is wrong with that? What is wrong with that position? What's wrong with it is it perpetuates something that is contrary to law. Counsel, why is it you think the Milk Board is exempt from the normal rules of the bankruptcy court, that if you're going to oppose a proof of claim, that you have to do so within a certain number of days? Isn't that the declaration you want? Your Honor, there is a... Yes or no? Yes or no? Is it different? Is the question, is Bodhi different from other players in bankruptcy? The answer is... Your Honor, I asked you the question I intended. Are you arguing that the issue before this court is that your Milk Board is exempt from the normal rules requiring timely responses to proofs of claim in the bankruptcy court? Is that your position? My position is it would be a yes because it is a non-party. It is a non-creditor. It is a non-participant within the process of the bankruptcy. It is an agency that is outside and entrusted with the registration and the regulation of the property that the court has allowed to be used or misused under Puerto Rico law. So, to say you only have 14 days to react when... Well, you obviously had an interest in this. You're opposing it. I don't think there's a Puerto Rican statute that says you're exempt from filing deadlines. No, absolutely not. However, it is something other than a regular player within bankruptcy. Can I ask, suppose they had ruled for you before the pre-hearing motion. So, initially they said, oh, we excuse your 14 days. Everything you said is right. We're going to rule on the merits and we rule for you. Could the other party have appealed at that point after the lease had terminated? After the termination of the lease, Your Honor? Yeah. Well, after the termination of the lease, the lease is over, the lease period is done. Isn't that Chief Judge Howard's question? How can you then appeal? Because the underlying controversy about the lease is over either way, unless I'm missing something. No, you're not missing anything. The only thing is that we're exposed to liability at this point. And the only reason why it's because the process to… But what I'm saying, that's true. In any case. Yeah. So, this appeal would seem to be over. Because nothing that can happen in this appeal can change the fact that it's about something that's gone. And I would have to, in all honesty, concede to the point. Does that mean you're now agreeing it's moot? The way you pose it, Your Honor, I would have to agree that it may very well be moot. Okay. However, Your Honor, I must say that what isn't moot is the reading of the bankruptcy court that expanded the agreement that temporarily reinstated the license beyond its period. There was a start date and there was an end date, and that end date was the final agency judgment. And to grant the license an additional period of time of life, Your Honor, allowed the lease, permitted the court. And based on that reasoning, the court said, I'm going to allow this lease because I understand that it included additional appellate procedures and included additional time for the appellee here to transact because he has a temporary license. So tell me what I'm missing. Even under those circumstances, I don't understand what the injury is to your client other than perhaps some sovereign interest in making sure that bankruptcy judges read the law and the regulations correctly. Or maybe that is the injury that you're claiming. That is one of the injuries that I'm claiming. However, Your Honor, I have to go back to the idea that because the agency rejected the lease and the court considered that it was correct in allowing the lease, an illegal lease, when I go before that court to defend Oril in the liability phase, I am under a presumption that the lease was in fact valid. And so I would return to the bankruptcy case to face, let's say, the court's ire on the reasons why the Oril did not put in the lease, register the lease, and put it in vigor. If that's your injury, you not only have a mootness problem, maybe you have a rightness problem. Yes. All right. Well, Your Honor, if I can go back down and convince the court that it was wrong. You know, I'm certainly, and the court says, no, you were wrong. My judgment stands. My order stands. I was right. I'm going to come back with the very same arguments that I've set forth today. I thought this was about exposure to damages. Are you saying automatically there will be damages rendered against you? I would have thought you had arguments against damages. Sure. I do, and I have them preserved, and they're alleged, and they're raised in the. Okay. Therefore, why is this ripe? In addition to the mootness problem. Well, I think that I've been cornered into, I painted myself into a corner, but. That was a gracious concession on your part. Is there anything else you need to say? No, Your Honor. Well, you've reserved some time just in case, so thank you. And if you will mute your devices, we will hear from Mr. Mercado. Thank you. Good afternoon, Your Honors. If I may please the court, on behalf of the appellee, Mr. Luis Manuel Ruiz Ruiz. Are you hearing me? I'm sorry. Yes. Okay. So our position is that basically the last argument made by broader counsel regarding that the court extended or temporarily granted the license to our client is incorrect because we requested the lease because we had no license. If broader counsel will have opposed timely, the bankruptcy court will have to do evidentiary hearing on the merits. And on that hearing, we will have presented evidence that other counsel licenses have leased quota. By deciding voluntarily not to file an opposition to our motion or reconsider all those rights. Can I ask you just one, because you're talking about the merits. If you heard our discussion about mootness, if we ruled that it was moot, what effect would that have on the judgments below, given when the mootness occurred? Your Honors. Do we keep everything in place and just moot the appeal? I just don't know what follows from it being moot. Your Honor, we just filed the adversary complaint regarding the issue of the lease, the non-recording of the lease. We are in the discovery of evidence process. We just filed the initial calendar, scheduling conference calendar. So that case is going through the whole evidentiary, the trial process. We will be able to file. I'm sorry, counsel. I think what you're saying is if we say the appeal is moot, it will have no real effect on your ongoing proceedings. Is that, have I understood you? Yes, Your Honor. I completely agree with you. Okay. And then I don't know if under these circumstances you intend to pursue a damages claim against the entity. But I take it that that is an issue. If it is presented to the court, it can be ruled on in the future if there is an appeal from that ruling. I had a slightly different... To answer Your Honor Lynch's question, yes, the whole damages suit was just filed maybe two months ago. And we are beginning the adversary. So, yes, it has been filed, but we have not... I'm sorry, is that a separate suit and not a claim in this suit? No, it's an adversary complaint. I think it's 21-37 or something in the bankruptcy case, 15-4548. But it's a whole adversary case that just begun a couple months ago. Okay. Thank you. I was thinking about whether there's a mungsingware issue or something like that, in which case the mootness that follows from the termination of the lease has any effect on whether the decision below on the merits rather than on mootness grounds, denying the petition for rehearing and therefore validating the earlier construction of the contract stays in place. Your Honor, the BAP did not rule on the righteousness of the lease. Both rulings, the original judgment and the rehearing judgment, basically states that ORIL lost its opportunity to file the arguments by choosing not to file them. Basically, that's it. It's about timing and complying with local bankruptcy rule in Puerto Rico 19-13. Do those rulings stay in place? That's, I guess, what I'm asking, if it's now moot. This appeal, Your Honor, what we're asking is, is this appeal moot? Well, I'm asking if the reason this appeal is moot has any effect on the standing judgments below, whether they end up having to be vacated in consequence of our conclusion that this appeal is moot, as sometimes happens. Well, Your Honor, I don't know how the bankruptcy court is going to rule, but ORIL has made all the appropriate answers to our complaint and will proceed with its legal arguments. Basically, the court will have to make a decision based on actual interpretation of law and decide what the bankruptcy appellate panel just did. Basically, even the bankruptcy appellate panel required us, ORIL and the appellee, to file motions regarding mootness, and then they proceeded to still basically dismiss or affirm the lower court judgment, original judgment, motion denying the reconsideration. Well, there's not been a decision in the merits from any appeals court. It's just a matter of saying that at the time the BAP ruled, it was moot. That's our reason for thinking it's moot on appeal. Basically, because it was a six-month lease that began on February 2019 and we are on May 2021. If we rule that it was moot at the time the BAP ruled, then we have to vacate the BAP's ruling. Then what will happen with the original judgment or the motion denying the reconsideration? Will it stay? Will it not stay? You have captured my point. I don't know what happens at that stage. Because basically we have a standing order for the bankruptcy court allowing a lease. Maybe we need the parties to give us some thinking about how they see the case if we now decided on the mootness ground that the BAP bypassed. Since it's an Article 3 issue, I don't think we can bypass if we think there is mootness. Okay. Right now, I don't have the answer for that. Basically, our argument is that ORIL did not voluntarily file an opposition even when they were summoned by mail and by the CMECF system. By that way, it relinquished its rights to oppose and bring all the arguments that it's bringing now. It brought the BAP to a bankruptcy court. Other than that, our arguments have not changed, including the answers we just gave to your honors. That will be our position. We will let you know if we need further briefing on it. Anything else, counsel? Not on our behalf, your honor. If there aren't additional questions, we will hear from Mr. Hill one more time. Your honor, I'll concede two minutes. I have nothing to add. All right. Thank you, counsel. That concludes the arguments for today. This session of the Honorable United States Court of Appeals is now recessed until the next session of the court. God save the United States of America and this honorable court. Counsel, you may disconnect from the hearing.